| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Diane Weifenbach, Esq. Bar #162053<br>Law Offices of Diane Weifenbach<br>5120 E. LaPalma Ave., #209<br>Anaheim Hills, CA 92807<br>Tele: 714-695-6637<br>Email: diane@attylsi.com | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** LOS ANGELES DIVISION

| In re:<br>ROBERT DANIEL GHIUZELIAN | CASE NO.: 2:22-BK-10162-VZ<br>CHAPTER: 13 |
|---|---|
| | **DECLARATION OF** JESSICA SANCHEZ<br><br>**RE: DEFAULT UNDER ADEQUATE PROTECTION ORDER; REQUEST FOR ENTRY OF ORDER GRANTING RELIEF FROM STAY** |
| | DATE: 04/04/2023<br>TIME: 10:00 am<br>COURTROOM: 1368<br>PLACE: 255 E Temple St., Los Angeles, CA 90012 |
| Debtor(s). | |

I, (*print name of declarant*), Jessica Sanchez, Assistant Secretary    declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently hereto. I am over 18 years of age.

2. On 04/05/2023 the court entered an order conditioning continuation of the automatic stay in the above-entitled bankruptcy case on the performance by the Debtor of certain obligations for the benefit of (*name of Movant*) U.S. Bank Trust N.A., not in its individual capacity, but solely as Trustee of the Truman 2021 SC9 Title Trust (Adequate Protection Order). A true and correct copy of the Adequate Protection Order is attached hereto as Exhibit "A."

3. I have knowledge regarding the Debtor's performance (or lack of performance) under the terms of the Adequate Protection Order because (*specify*):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 1    **F 4001-1.DEC.DEFAULT.ADEQ**

☐ I am the party for whose benefit the Adequate Protection Order was entered (Movant), and the Adequate Protection Order required the Debtor to make payments directly to me.

☐ I am counsel for the Movant and the Adequate Protection Order required the Debtor to make payments directly to me.

☒ I am employed as  Assistant Secretary for Nationstar Mortgage, LLC, Servicer  for the Movant and, as such, am one of the custodians of the books, records and files of Movant that relate to payments received from the Debtor. I have personally worked on those books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

☐ Other (*specify*):

4. The Debtor defaulted upon his/her/its obligations under the Adequate Protection Order by (*specify*):

   ☒ Failing to make the payment(s) due (*date(s)*)  9/1/23 thru 2/1/24 regular monthly payments and 9/15/24 APO payment  under the terms of the Adequate Protection Order.

   ☐ Failing to provide evidence of the existence of insurance coverage required under the terms of the Adequate Protection Order in a timely manner.

   ☒ Other (*specify*): Debtor made a payment of $4,623.00 on 02/26/24 to cure the 07/01/23 and 08/01/23 mortgage payments and the 07/15/23 and 08/15/23 APO payments, but did not cure the Default in Full.

5. ☒ a. Movant caused a notice of default (Notice) identifying the default(s) referenced in paragraph 4 above to be served on the Debtor on (*date*) 02/12/2024 . A true and correct copy of the Notice is attached hereto as Exhibit "B."

   ☐ b. Movant was not required to serve a notice of the default specified in paragraph 4, because the Adequate Protection Order only required Movant to serve a maximum of (*number*) ____ notices of default and Movant had already served the required number of notices of default (collectively the "Notices") at the time the default specified in paragraph 4 occurred. Copies of all of the Notices are attached hereto as Exhibit "B."

6. Debtor failed to cure the defaults identified in the Notice within the cure period established by the Adequate Protection Order.

7. In light of the foregoing, under the terms of the Adequate Protection Order, Movant is entitled to relief from the automatic stay. Concurrently herewith, Movant is lodging a proposed form of order granting Movant relief from the automatic stay.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/13/24 | Jessica Sanchez | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 2                      F 4001-1.DEC.DEFAULT.ADEQ

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5120 E La Palma Ave., #209, Anaheim Hills, CA 92807

A true and correct copy of the foregoing document entitled: **DECLARATION OF** JESSICA SANCHEZ **RE: DEFAULT UNDER ADEQUATE PROTECTION ORDER; REQUEST FOR ENTRY OF ORDER GRANTING RELIEF FROM STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/14/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtor's Attorney: Benjamin Heston - bheston.ecf@gmail.com
Chapter 13 Trustee: Nancy Curry: ecfnc@trustee13.com
U.S. Trustee: ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 03/14/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:
Robert Daniel Ghiuzelian
53 Meadow View Drive
Pomona, CA 91766

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/14/2024 | Hope Upham | /s/ Hope Upham |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 3    **F 4001-1.DEC.DEFAULT.ADEQ**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Diane Weifenbach, Esq. (SBN 162053)<br>LAW OFFICES OF DIANE WEIFENBACH<br>5120 E. LaPalma, Suite 209<br>Anaheim, CA 92807<br>Ph: (714) 695-6637<br>Email: diane@attylsi.com | **FILED & ENTERED**<br><br>**APR 05 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** johnson  **DEPUTY CLERK** |
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -LOS ANGELES DIVISION**

| In re:<br><br>ROBERT DANIEL GHIUZELIAN<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:22-BK-10162-VZ<br>CHAPTER: 13 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)** |
| | DATE: 04/04/2023<br>TIME:  10:00 am<br>COURTROOM: 1368<br>PLACE: 255 E. Temple St., Los Angeles, CA  90012 |

**Movant:** U.S. Bank, National Association as Trustee for Truman 2021 SC9 Title Trust A/K/A, U. S. Bank Trust National Association, not in its Individual Capacity, but Solely as Trustee of the Truman 2021 SC9 Title Trust.

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

    *Street address*:    53 Meadow View Drive
    *Unit/suite number*:
    *City, state, zip code*:    Pomona, CA 91766

    Legal description or document recording number (including county of recording):

    Deed of Trust recorded 12/20/2002 as Instrument No. 02 3132947 in Los Angeles County.

    ☐ See attached page.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                            Page 1                                                    F 4001-1.RFS.RP.ORDER

3.  The Motion is granted under:

    a.  ☐ 11 U.S.C. § 362(d)(1)

    b.  ☐ 11 U.S.C. § 362(d)(2)

    c.  ☐ 11 U.S.C. § 362(d)(3)

    d.  ☐ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

        (2) ☐ Multiple bankruptcy cases affecting the Property.

        (3) ☐ The court   ☐ makes   ☐ does not make   ☐ cannot make
            a finding that the Debtor was involved in this scheme.

        (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4.  ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.  ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

    c.  ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5.  ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6.  ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7.  ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8.  ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9.  ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                              Page 2                                  **F 4001-1.RFS.RP.ORDER**

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

Date: April 5, 2023

*signature*
Vincent P. Zurzolo
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                         Page 3                                 F 4001-1.RFS.RP.ORDER

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the amount of $1,115.08 commencing (*date*) April 1, 2023. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

   Rushmore Loan Management Services, LLC
   P.O. Box 52708
   Irvine, CA  92619

3. ☒ The Debtor must cure the post-petition default computed through March 2023 in the sum of $4,587.49 which sum represents the January 2023, February 2023 and March 2023 post-petition payments each in the sum of $1,115.08 totaling $3,345.24, less 0.61 plus Movant's attorney's fees and costs incurred in the filing and prosecution of the Motion for Relief in the sum of $1,242.86 as follows:

   a. ☒ In equal monthly installments of $764.58 each commencing (*date*) April 15, 2023, and continuing thereafter through and including (*date*) September 15, 2023.

   b. ☐ By paying the sum of $_____ on or before (*date*)_____,

   c. ☐ By paying the sum of $_____ on or before (*date*)_____,

   d. ☐ By paying the sum of $_____ on or before (*date*)_____,

   e. ☐ Other (*specify*):

4. ☒ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before (*date*) _____
   The disclosure statement must be approved on or before (*date*) _____
   The plan must be confirmed on or before (*date*) _____

6. ☒ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 14 days after service of such written notice:

   a. ☐ The stay automatically terminates without further notice, hearing or order.
   b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
   d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☒ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of (*number*) three (3) notices of default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                               Page 4                                       F 4001-1.RFS.RP.ORDER

Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*):

   The co-debtor stay of Section 1301 will be terminated on the same grounds as to the Debtor.1

   Should Debtor default hereunder the failure to tender the post-petition delinquency in full will not deemed a cure of the default and Movant may proceed with its default remedies as set forth herein.

   Movant is awarded its attorney's fees and costs, reimbursable as set forth above.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                              Page 5                                                   F 4001-1.RFS.RP.ORDER

## Law Offices of Diane Weifenbach

5120 E. LaPalma Ave., #209
Anaheim Hills, CA 92807
Tele: 714-695-6637
Email: diane@attylsi.com

*Licensed in CA and AZ

February 12, 2024

**_First Class Mail_**

Robert Daniel Ghiuzelian
53 Meadow View Drive
Pomona, CA 91766

Benjamin Heston
100 Bayview Circle, Suite 100
Newport Beach, CA 92660

| | |
|---|---|
| Debtor: | Robert Daniel Ghiuzelian |
| Property: | 53 Meadow View Drive |
| | Pomona, CA 91766 |
| Creditor: | U.S. Bank Trust N.A. not in its individual capacity, but solely as Trustee of the Truman 2021 SC9 Title Trust |

Dear Mr. Ghiuzelian:

      This letter is to advise you that you have defaulted under the terms of the Stipulation for Adequate Protection and Order thereon entered into between yourself and U.S. Bank Trust N.A. not in its individual capacity, but solely as Trustee for the Truman 2021 SC9 Title Trust which was entered by the court on April 5, 2023. The Order requires you to: (1) Tender your regular monthly mortgage payments commencing April 1, 2023 and tender additional payments, amongst other things. You have defaulted under the terms of that Stipulation and Order by failing to tender:

(i) Tender the July 1, 2023, post-petition payments mortgage payment, in the sum of $1,115.08.
(ii) Tender the August 1, 2023 through February 1, 2024, post-petition mortgage payments, each in the sum of $1,155.75, totaling $8,090.25.
(iii) Tender the June 1, 2023 through September 1, 2023, additional mortgage payments, each in the sum of $764.58, totaling $3,058.32.
(iv) There is $40.67 in the suspense account.
(v) Total post-petition arrears through February 1, 2024: $12,222.98.

      **Pursuant to the terms of the Order, if the default is not cured with the payment of all monies within fourteen (14) calendar days from the date of this letter or by February 26, 2024, we will submit a Declaration concerning your failure to cure the default and an Order terminating the automatic stay.**

      **This is the FIRST default letter which has been sent by U.S. Bank, as Trustee pursuant to the terms of the Stipulation.**

**Please note that tender and/or acceptance of PARTIAL PAYMENTS or monies not sufficient to reinstate the POST-PETITION DEFAULT AS SET FORTH HEREIN will not cure the default, and U.S. Bank will continue to obtain an Order terminating the automatic stay unless the breach amount set forth herein is PAID IN FULL on or before the expiration date. Any and all payments tendered will be without prejudice to U.S. Bank to obtain an Order terminating the automatic stay in this Bankruptcy case unless the post-petition breach is cured in full.**

Very truly yours,

/s/
Diane Weifenbach, Esq.

*DVW:hu*
*Cc: RLMS/MRC*