| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Diane Weifenbach, Esq. (SBN 162053)<br>LAW OFFICES OF DIANE WEIFENBACH<br>5120 E. LaPalma, Suite 209<br>Anaheim, CA 92807<br>Ph: (714) 695-6637<br>Email: diane@attylsi.com<br><br>☐ Individual *appearing without an attorney*<br>☒ Attorney for: Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>ROBERT DANIEL GHIUZELIAN<br><br>Debtor(s) | CASE NO.: 2:22-BK-10162-VZ<br>CHAPTER: 13<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion*[1]): MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY) |
|---|---|

PLEASE TAKE NOTE that the order titled ORDER GRANTING MOTION FRO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)

was lodged on (*date*) 03/14/2024 and is attached. This order relates to the motion which is docket number 38.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*     Page 1     **F 9021-1.2.BK.NOTICE.LODGMENT**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5120 E. LaPalma Ave, 209, Anaheim, CA 92807

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___03/14/2024___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtor's Attorney: Benjamin Heston - bhestonecf@gmail.com
Chapter 13 Trustee: Nancy Curry: ecfnc@trustee13.com
U.S. Trustee (LA): ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) ___03/14/2024___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Robert Daniel Ghiuzelian - 53 Meadow View Drive, Pomona, CA 91766
Co-Debtor: Cheryl Lynn Ghiuzelian - 53 Meadow View Drive, Pomona, CA 91766

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/14/2024 | Hope Upham | /s/ Hope Upham |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    **F 9021-1.2.BK.NOTICE.LODGMENT**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Diane Weifenbach, Esq. (SBN 162053)<br>LAW OFFICES OF DIANE WEIFENBACH<br>5120 E. LaPalma, Suite 209<br>Anaheim, CA 92807<br>Ph: (714) 695-6637<br>Email: diane@attylsi.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -LOS ANGELES DIVISION**

| In re:<br><br>ROBERT DANIEL GHIUZELIAN<br><br><br><br>Debtor(s). | CASE NO.: 2:22-BK-10162-VZ<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)**<br><br>DATE: 04/04/2023<br>TIME: 10:00 am<br>COURTROOM: 1368<br>PLACE: 255 E. Temple St., Los Angeles, CA  90012 |
|---|---|

**Movant:** U.S. Bank, National Association as Trustee for Truman 2021 SC9 Title Trust A/K/A, U. S. Bank Trust National Association, not in its Individual Capacity, but Solely as Trustee of the Truman 2021 SC9 Title Trust.

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

    *Street address*:    53 Meadow View Drive
    *Unit/suite number*:
    *City, state, zip code*:    Pomona, CA 91766

    Legal description or document recording number (including county of recording):

    Deed of Trust recorded 12/20/2002 as Instrument No. 02 3132947 in Los Angeles County.

    ☐ See attached page.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                              Page 1                                              **F 4001-1.RFS.RP.ORDER**

3. The Motion is granted under:
   a. ☐ 11 U.S.C. § 362(d)(1)
   b. ☐ 11 U.S.C. § 362(d)(2)
   c. ☐ 11 U.S.C. § 362(d)(3)
   d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:
      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or
      (2) ☐ Multiple bankruptcy cases affecting the Property.
      (3) ☐ The court  ☐ makes  ☐ does not make  ☐ cannot make a finding that the Debtor was involved in this scheme.
      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.
   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 2    **F 4001-1.RFS.RP.ORDER**

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                   Page 3                                              **F 4001-1.RFS.RP.ORDER**